IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LURACO HEALTH & BEAUTY, LLC, § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | | Civ. A. No. 4:19-cv-00051-ALM-KPJ |
| § | | |
| VU TRAN, *et al.*, § | | |
| *Defendants.* § | | |

**DOMESTIC DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE (ECF NO. 35), AND RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE *NUNC PRO TUNC* RESPONSE (ECF NO. 36)**

## I.     INTRODUCTION

Defendants Vu Tran ("Tran"), Nga Vo ("Vo"), Lucy Sam's Spa & Nail Supply, Inc. ("Lucy Sam's), Burry Cosmetic Inc. ("Burry Cosmetic"), Sam's Spa Supply, Inc. ("Sam's Spa"), Sam's Nail Supply Inc ("Sam's Nail"), Sam's Nail Supply San Antonio Inc ("Sam's San Antonio"), Sam-Spa Holding Company Inc ("Sam-Spa Holding"), and GTP International Corp. ("GTP") (collectively, "Domestic Defendants") file this Reply in support of their Motion to Strike Plaintiff Luraco Health & Beauty LLC's ("Plaintiff") Response to Domestic Defendant's Motion to Dismiss Second Amended Complaint, which also responds to Plaintiff's Motion for Leave to File *Nunc Pro Tunc* Response to Motion to Dismiss Second Amended Complaint. Plaintiff asserts numerous and even inconsistent arguments in its attempt to justify its late response to the Motion to Dismiss, all of which must fail.

## II.     ARGUMENTS AND AUTHORITIES IN REPLY

**A.     Plaintiff Seeks to Change the Response Deadline for Motions under the Local Rules.**

First, Plaintiff urges the Court to adopt the 21-day summary judgment deadline for motions to dismiss and states it belief that the "Motion to Dismiss is more objectively treated as a request

for summary judgment with a 21-day notice." Pl's Resp. Mot. Strike 2, ECF No. 37. But this is not the rule or the law in the Eastern District of Texas. This district's local rules are clear that responses to motions (other than summary judgment motions) are to be filed within fourteen days after service of the motion. *See* Local Civil Rules 7(e). To permit otherwise in this instance would set a precedent in this district that is inconsistent with the established rules of practice.

B.   **Plaintiff Cannot Demonstrate That Its Untimely Filing Was Based on Excusable Neglect.**

Plaintiff then purports to argue under Federal Rule of Civil Procedure 6(b)(1)(B) that "excusable neglect" should permit its week-late filing, but at the same time states that "Plaintiff would show the Court that Rule 6(b)(1)(B) ***is not in operation in this case***, as no hearing was set on the Motion to Dismiss." Pl's Resp. Mot. Strike 2 (emphasis added).[1] Nonetheless, Plaintiff's alleged excusable neglect, which it only hypothetically references as being sufficient for "any error in calendaring," does not rise to the level of excusable. *See id.* at 2. The Fifth Circuit has stated as follows:

> Although in *Clark* we left open the possibility that some misinterpretations of the federal rules may qualify as excusable neglect, such is the rare case indeed. Where, as here, the rule at issue is unambiguous, a district court's determination that the neglect was inexcusable is virtually unassailable. Were it otherwise, "almost every appellant's lawyer would plead his own inability to understand the law when he fails to comply with a deadline."

*Halicki v. Louisiana Casino Cruises, Inc.,* 151 F.3d 465, 470 (5th Cir. 1998) (quoting *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 998 (11th Cir. 1997).

Plaintiff's counsel, in fact, does not even claim he made an error in calendaring, just that ***if there was*** "any error in calendaring," it would constitute excusable neglect. *See* Pl's Resp. Mot. Strike 2. But Plaintiff stated in its Motion for Leave to File *Nunc Pro Tunc* Response to Motion to

---

[1] Federal Rule of Civil Procedure 6(b)(1)(B) also in no way addresses deadlines triggered from motions set for hearing. Whether a hearing was set on the Motion to Dismiss is irrelevant to the analysis of the missed deadline at hand.

Dismiss ("Motion for Leave to File") that "Plaintiff's counsel, the undersigned, generally calendars deadlines for all motions, dispositive or not, at 14 days, just as a practice, . . . ." Pl's Mot. Leave to File 2, ECF No. 36. Plaintiff's counsel does not state that he failed to calendar the motion for the 14-day deadline. This contradicts Plaintiff's argument and the current stated belief of its counsel that the 21-day deadline for summary judgment motions should apply. However, as shown above, it would be "a rare case indeed" when a misunderstanding of the rules constituted excusable neglect. *See Halicki*, 151 F.3d at 470; *see also Midwest Employers Cas. Co. v. Williams,* 161 F.3d 877, 879 (5th Cir. 1998). The only other statements provided by Plaintiff do not help its cause, including that "counsel's office is extraordinarily busy in May" with other matters and "an anniversary trip to Hawaii that overlapped the 14-day response time." Pl's Mot. Leave to File 3.

Other circuits have followed suit and also held that "the excuse given for the late filing must have the greatest import." *Graphic Commc'ns Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc.*, 270 F.3d 1, 5 (1st Cir. 2001). Here, Plaintiff's excuses are contradictory and vague and do not meet the high standard and the rare case for excusable neglect. The First Circuit in *Graphic Communications* went on to cite the Supreme Court's recognition that even though excusable neglect is an "elastic concept," as noted by Plaintiff in its briefing, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Graphic Commc'ns*, 270 F.3d at 6 (internal quotation marks omitted) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993)). This is especially true here, where Plaintiff does not even claim to have inadvertently missed a deadline or failed to properly calendar a deadline, but rather has apparently made a mistake in construing an unambiguous rule.

C.  **Eastern District Local Rule CV-12 Is Wholly Inapplicable.**

Lastly, Plaintiff states in its Motion for Leave to File that "Eastern District Local Rule CV-

12 effectively allows the clerk to grant requests to extend answer periods *regarding 12(b)(b) [sic] motions to dismiss*, so long as the deadline extension is not longer than forty-five days." Pl's Mot. Leave to File 3 (emphasis added). This is an incorrect statement of the rule. Local Rule CV-12 relates to extensions on initial answers to complaints or initial Rule 12 motions filed in response to complaints and permits the clerk to grant unopposed requests for extension of such filings for not longer than 45 days. Local Civil Rule CV-12. It ***does not*** in any way relate to or permit extensions of time to ***respond to a motion to dismiss*** and in no way supports Plaintiff's untimely filing.

### III.  CONCLUSION

Domestic Defendants respectfully request that the Court grant their Motion to Strike and decline to indulge Plaintiff's after-the-fact efforts to justify its belated filing.

**DATED**: July 3, 2019

Respectfully submitted,

**WILSON LEGAL GROUP P.C.**

By: */s/ John T. Wilson*
    John T. Wilson
    State Bar No. 24008284
    Jennifer M. Rynell
    State Bar No. 24033025
    Leigh Caudle Whitaker
    State Bar No. 24094260
    16610 Dallas Parkway, Suite 1000
    Dallas, Texas 75248
    (T) 972.248.8080
    (F) 972.248.8088
    (E) eservice@wilsonlegalgroup.com

**Attorneys for Domestic Defendants Vu Tran; Nga Vo; Lucy Sam's Spa & Nail Supply, Inc.; Burry Cosmetic Inc.; Sam's Spa Supply, Inc.; Sam's Nail Supply Inc; Sam's Nail Supply San Antonio Inc; Sam-Spa Holding Company Inc; and GTP International Corp.**

## CERTIFICATE OF SERVICE

On July 3, 2019, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ John T. Wilson*
John T. Wilson